**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2171**

JIN FENG XU,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-869-531)

Submitted: June 23, 2006      Decided: July 11, 2006

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Henry Zhang, ZHANG AND ASSOCIATES, P.C., New York, New York, for Petitioner. Rod J. Rosenstein, United States Attorney, Jonathan Biran, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jin Feng Xu, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.[*]

In her petition for review, Xu contends that the Board and the immigration judge erred in denying her application for withholding of removal. We will reverse the Board only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). Credibility determinations of the immigration judge and the Board are entitled to deference as long as they are supported by substantial evidence. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). Based upon the materials before us on appeal, the immigration judge's decision, and the

---

[*]Xu did not challenge the immigration judge's finding that her asylum claim was statutorily barred as untimely either here or before the Board. Further, she raised no specific claim regarding the Convention Against Torture before the Board. Thus, these claims fail for lack of exhaustion, see 8 U.S.C. § 1252(d)(1) (2000) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right"); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004), cert. denied, 543 U.S. 1049 (2005) (holding that the court lacks jurisdiction to consider an argument that was not raised before the Board), and as abandoned in this court, see Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (holding failure to raise specific issue in opening brief constitutes abandonment of that issue under Fed. R. App. P. 28(a)(9)(A)).

Board's order, we find the evidence supports the Board's and the immigration judge's conclusion that Xu was not credible. Accordingly, Xu's challenge to the denial of her application for withholding from removal must fail. We further uphold the determination that Xu's asylum application was frivolous. <u>See</u> 8 C.F.R. § 1208.20 (2006).

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>